# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## IN THE MATTER OF: ALIJAH K. F.

### Direct Appeal from the Circuit Court for Shelby County
### No. CT00245910    Donna M. Fields, Judge

### No. W2011-01159-COA-R3-JV - Filed July 23, 2012

Because the order appealed is not a final judgment, we dismiss this appeal for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, J., ALAN E. HIGHERS, P.J.W.S., AND DAVID R. FARMER, J.

Appellant Anthony F., Memphis, Tennessee, self-represented.

Timothy David Hughes, Memphis, Tennessee, for the appellee, Latarcha Beloch F.

### MEMORANDUM OPINION[1]

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appears to the Court that it does not have jurisdiction, because the trial court has not adjudicated substantial portions of the parties' claims against each other. Specifically, on October 28, 2009, Appellant Anthony F. ("Father") filed a petition in the Juvenile Court of Shelby County, Tennessee, alleging that the parties' child, Alijah K.F., was dependent and neglected in the care of the mother, Appellee Latarcha Beloch F. ("Mother"). On November 19, 2008, Mother filed her own

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

petition in the Juvenile Court of Shelby County, Tennessee, alleging that the parties' child, Alijah K. F., was dependent and neglected in the care of Father.

Then, on November 20, 2008, Father filed a Complaint for Divorce in the Chancery Court of Shelby County, Tennessee, and requested that the trial court grant him a divorce from Mother and award him custody of the minor child. On January 21, 2009, the chancery court entered the "Consent Order Continuing Hearing on the Plaintiffs Request for Temporary Custody and Order for Joint Custody" wherein the parties agreed that, pending hearing on Father's request for injunctive relief, they would share joint custody of the parties' minor child and would exercise equal parenting time. Nevertheless, the parties continued to litigate their dispute in the juvenile court and on April 21, 2010, the juvenile court entered an order which sustained Mother's petition and found the child dependent and neglected. The juvenile court's order also awarded custody of the child to Mother and ordered that Father would have supervised visitation with the child. Father filed a Notice of Appeal of the juvenile court's order to the circuit court on April 23, 2010. The chancery court then entered an order on December 16, 2010, transferring the divorce matter to the Circuit Court of Shelby County, Tennessee, for consolidation with the circuit court appeal of the dependency and neglect proceedings.

Upon a de novo hearing in the circuit court, the trial court entered an order on April 13, 2011, wherein the court found that the child was not dependent and neglected in the care of either Mother or Father. The trial court determined that Mother should be the primary residential parent and that Father should have standard visitation with the child. Among other things, the trial court directed that a Parenting Plan would be entered specifically identifying the dates and time in which the child was to be with each parent and how the exchanges would take place. The appellate record, however, does not contain a Parenting Plan and the circuit court's order does not address child support issues. Moreover, the circuit court did not adjudicate Father's petition for divorce or Mother's counter-complaint for divorce. In addition, there is nothing in the appellate record adjudicating the following:

1. "Petitioner's Motion to Recuse Magistrate and Guardian Ad Litem" filed by Father in the Shelby County Juvenile Court on February 12, 2010;

2. "Petition for Contempt of Court, to Issue Attachment, and to Modify Visitation Order" filed by Mother in the Shelby County Juvenile Court on March 30, 2010;

3. "Motion to Set Aside Consent Order Continuing Hearing on the Plaintiffs Request for Temporary Custody and Order for Joint Custody" filed by Mother in the Shelby County Chancery Court on May 1, 2009;

4. "Motion for Default Judgment" filed by Mother in the Shelby County

Chancery Court on June 25, 2009;

5. "Petition to Cite Anthony F. in Civil Contempt of Court" filed by Mother in the Shelby County Circuit Court on March 11, 2011; and,

6. "Motion for Sanctions" filed by Mother in the Shelby County Circuit Court on March 3, 2011.

By Order entered on December 13, 2011, this Court directed Father to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order or else show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment within fifteen (15) days from the entry of that Order. On March 6, 2012, Father filed a motion requesting an extension of time to comply with our Order of December 13, 2011. Also, Father requested in his motion that this Court order the trial court to grant his motion to unseal trial court records. By Order entered on March 29, 2012, the Court denied Appellant's request to order the trial court to unseal documents, but the Court granted Appellant an additional sixty (60) days from the date of the entry of that Order to obtain entry of a final judgment in this matter. Our Order of March 29, 2012, also provided "[i]n the event Appellant is unable to obtain a final judgment within the time provided herein, this matter shall be dismissed for lack of jurisdiction."

On or about June 6, 2012, the Clerk of this Court received the affidavit of Sandy Montesi, Deputy Clerk of Shelby County Circuit Court, indicating that no final judgment had been entered in that matter. As of this date, Father has not filed any motions requesting a further extension of time to obtain entry of a final judgment.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990). Clearly, the order appealed is not a final judgment and this Court lacks jurisdiction in this matter. Consequently, we must dismiss this appeal.

**Conclusion**

Because the trial court has not yet entered a final judgment, the appeal is dismissed and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Anthony F., for which execution may issue if necessary.

**PER CURIAM**